REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

October 6, 2015

ABEL ACOSTA, CLERK

PD-0489-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

NO. 01-13-00593 - CR

BOBBY DEWAYNE EVANS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

ON APPEAL FROM THE CRIMINAL DISTRICT
COURT, JEFFERSON COUNTY, TEXAS
TRIAL COURT CASE NO. 12-14438

"PETITION FOR REHEARING EN BANC FED. R. APP. P. 40(a)
EN BANC FED. R. APP. P. 35(b). FOR REHEARING
EN BANC."

i

# INDEX OF AUTHORITIES

CASES CITED                                                    PAGE No.

AVILA V. STATE, (APP. 4 DIST. 2000) 18 S.W. 3d 736............2

BANKS V. STATE, (APP. 4 DIST. 1984) 672 S.W. 2d 270..........5

BREWER V. STATE, (APP. 5 DIST. 1993) 852 S.W. 2d 643.........5

BROWN V. STATE, (APP. 1 DIST. 2006) 212 S.W. 3d 851..........6

EX PARTE SNELSON, 601 S.W. 2d 358 (TEX. CRIM. APP. 1980)....6

FERREL V. STATE, 55 S.W. 3d 586 (TEX. CRIM. APP. 2001).........4

HAMPTON, 86 S.W. 3d at 612-13................................1

JOHNSON V. STATE, (CR. APP. 2002) 68 S.W. 3d 644............2

PENA V. STATE, 226 S.W. 3d 634, 650-51 (TEX. APP. WACO 2007)...8

ROBINSON V. STATE, (CR. APP. 1980) 596 S.W. 2d 130..........5

SANTOS V. STATE, (APP. 14 DIST. 2003) 116 S.W. 3d 447........6

STRICKLAND V. WASHINGTON, 466 U.S. 668, 687, 104 S.CT. 2052,80
L. Ed. 2d 674 (1984).........................................1

THOMAS, INFRA, 807 S.W. 2d at 805-06.......................2

THOMPSON V. STATE, 9 S.W. 3d 808, 813 (TEX. CRIM. APP. 1999).......5

TONA V. STATE, 25 S.W. 3d 707, 712 (TEX. CRIM. APP. 2000)........3


CONSTITUTIONS AND STATUTES CITED

ARTICLE I, SECTION 19, TEXAS CONSTITUTION....................8

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 1.14 (b)..........6

TEXAS PENAL CODE SECTION 9.31 (a)...........................3

TEXAS RULE OF APPELLANT PROCEDURE, 38.1 (i).................1

UNITED STATES V. AGURS, 473 U.S. 682, 685; 427 U.S. 97, 112-113....8

UNITED STATES V. BAGLEY, 473 U.S. 667.......................7

# TABLE OF CONTENTS

TOPIC                                                          PAGE NO.

OVERLEAF.................................................................... i

INDEX OF AUTHORITIES.............................................. ii

TABLE OF CONTENTS.................................................. iii

APPELLANT'S REHEARING EN BANC PETITION & MOTION...... 1

ARGUMENTS & AUTHORITIES...................................... 2-8

CONCLUSION AND PRAYER........................................... 4

CERTIFICATE OF SERVICE.......................................... 4

STATEMENT OF THE CASE........................................... 5

IDENTITY OF PARTIES & COUNSELS.............................. IV

P.O. Box 12308, Capital Station - Austin, Texas, 78711, Clerk

Court of Criminal Appeals

Dear Clerk:

Enclosed please find my rehearing pro-se defendant motion to suspend Rule 9.3(b) T.R.A.P. Rehearing on petition for descretionary review admissible. I am an indigent offender in T.D.C.J. and the law library supervisor: Ms. G. Ekeke would not provide me with enough indigent paper aswell as delayed my indigent supply requests. See Rule 49.9 of the Texas Rules of Appellate Procedure, T.R.A.P. 68. Fed. R. App. P. 40(a) En Banc Fed. R. App. P. 35(b).

Please date-stamp this letter and return it to me at my address shown below.

I also request that you notify me of the Courts ruling on my rehearing motion.

Sincerly,
Bobby Dewayne Evans
Defendant, Pro Se
Stiles Unit
3060 F.M. Road 3514
Beaumont, Texas, 77705
T.D.C.J. # 05669758

As well as suspend Rule 68.4(j) T.R.A.P.

(1)

## NOTICE OF REHEARING

### FOR PETITION OF REHEARING (EN BANC)

TO THE HONORABLE JUSTICE OF THE COURT OF APPEALS:

Now Comes BOBBY DEWAYNE EVANS, DEFENDANT IN THE ABOVE STYLED AND NUMBERED CAUSE, AND GIVES THIS WRITTEN OF APPEAL TO THE COURT OF APPEALS OF THE STATE OF TEXAS FROM THE JUDGMENT OF CONVICTION AND SENTENCE HEREIN RENDERED AGAINST BOBBY DEWAYNE EVANS.

THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SHOW APPELLANT EVANS AS COMMITTING AGGRAVATED ROBBERY OR AGGRAVATED ASSAULT TO COMPLAINANT WINGROVE FELTON ROBINSON ON MARCH 30, 2012. SEE TEX. R. APP. P. 38.1(i); HAMPTON, 86 S.W. 3d at 612-13 (APPELLANT MUST PROVE MATERIALITY OF WITHHELD EVIDENCE BY BALANCING THE STRENGTH OF THE EXCULPATORY EVIDENCE AGAINST THE EVIDENCE SUPPORTING CONVICTION).

ON PAGE 9 OF 16 BEN TAUB GENERAL HOSPITAL MEDICAL RECORDS STATES THAT 75 yom c h/o BLUNT TRAUMA TO RIGHT ORBIT 1830 03/29/2012. NOTES MILD PAIN, SLIGHT DECREASE IN VISION OD. DENIES DIPLOPIA. (MR# 073623880) PRINTED BY ARISTEO ROSALES VILLANUEVA [104926] .... PAGE 9 OF 16. STRICKLAND V. WASHINGTON, 466 U.S. 668, 687, 104 S.CT. 2052, 80 L.Ed. 2d 674 (1984). OFFICER DAVID VAUGHN'S TESTIMONY WAS A FALSE TESTIMONY UNDER OATH (RR, III:183, 12, 13) DAVID VAUGHN, HAVING BEEN FIRST DULY SWORN, TESTIFIED AS FOLLOWS: (RR, III: 184, 19-22) [Q.] SO, THE DEFENDANTS EXPLANATION TO YOU ON MARCH 30TH, 2012 WAS MR. ROBINSON WAS GOING TO BEAT HIMSELF UP AND THEN BLAME IT ON THE DEFENDANT?

[A.] YES.

FOR EXTRANEOUS OFFENSE EVIDENCE TO BE ADMISSIBLE TO SHOW IDENTITY, IDENTITY MUST BE AN ISSUE IN THE CASE. JOHNSON V. STATE, (CR. APP. 2002) 68 S.W. 3d. 644. ON PAGE 12 OF 16 BEN TAUB GENERAL HOSPITAL HISTORY OF PRESENT ILLNESS: THE PATIENT IS A 75 Y.O MALE WITH PMH AS BELOW WHO PRESENTS S/P APP ASSAULT TO HEAD / FACE WITH FIST, BASEBALL BAT THAT OCCURRED YESTERDAY EVENING AROUND 9PM. PT INITIALLY EVALUATED AT OSH, WHERE THEY READ CT FACE AS R ORBITAL FLOOR FX WITH CONCERN FOR ENTRAPMENT, AND PT WAS TRANSFERRED HERE FOR HIGHER LEVEL OF CARE. PT EVALUATED BY OPHTHALMOLOGY HERE. BECAUSE THIS ELEMENT HAS NOT BEEN ESTABLISHED ACQUITTAL OR A NEW TRIAL, IS NECESSARY. THOMAS, INFRA, 807 S.W. 2d AT 805-06.

OFFICER DAVID VAUGHN PERJURED TESTIMONY (RR, III:84, 4, 3) [Q.] WHAT WERE YOU THINKING WHEN YOU SAW HIM? [A.] WELL, I REALLY DIDN'T KNOW EXACTLY WHAT HAD HAPPENED UNTIL I ASKED HIM TO EXPLAIN TO ME WHAT HAD GONE ON PRIOR TO THE CALL THAT WE GOT; AND HE TOLD ME THAT HE GOT HIT IN THE HEAD WITH A BAT BY HIS ROOMATE. HOWEVER, TO BE ADMISSIBLE TO SHOW IDENTITY, THERE MUST BE A SHOWING THAT THE EXTRANEOUS OFFENCE COMMITTED BY THE ACCUSED WAS SO NEARLY IDENTICAL IN METHOD TO THE CHARGE OFFENCE AS TO EAR MARK IT. AVILA V. STATE, (APP. 4 DIST. 2000) 18 S.W. 3d 736.

A PERSON ACTS KNOWINGLY OR WITH KNOWLEDGE, WITH RESPECT TO A RESULT OF HIS CONDUCT WHEN HE IS AWARE THAT HIS CONDUCT IS REASONABLY CERTAIN TO CHASE THE RESULT. (RR, III:71, 17-21) [Q.] OKAY. WELL,

(2)                          (2)

THAT WOULD HAVE BEEN IMPORTANT, DON'T YOU THINK, THAT YOU HAD A SKILLET AND HE HAD A BAT? WOULDN'T THAT HAVE BEEN IMPORTANT TO TELL POLICE?

A. AT THE TIME, I HAD A SKILLET. HE DIDN'T HAVE A BAT YET.

ON PAGE 3 OF 16 BEN TAUB GENERAL HOSPITAL HISTORY OF PRESENT ILLNESS: THIS IS A 75 YO M S/P AGGRAVATED ASSAULT TRANSFERRED FROM BEAUMONT WITH A RIGHT ORBITAL FLOOR FRACTURE AND CONCERN FOR ENTRAPMENT. PT STATED THAT HIS NEIGHBOR HIT HIM WITH HIS FISTS THEN A BAT. PT DENIED LOC. CT SCAN AT THE OSH WAS READ AS AN ORBITAL FLOOR FRACTURE DEPRESSED WITH ENTRAPMENT OF THE INFERIOR RECTUS EOM. PT WAS ADMITTED FROM THE EC TO THE OPTHALMOLOGY SERVICE FOR MANAGEMENT OF THIS INJURY.

TONG V. STATE, 25 S.W. 3d 707, 712 (TEX. CRIM. APP. 2000). TRIAL COURT APPOINTED COUNSEL GAYLYN L. COOPER WAS INEFFECTIVE FOR FAILING TO REQUEST AN INSTRUCTION ON THE AFFIRMATIVE DEFENSE OF "SELF-DEFENSE." A DEFENDANT IS ENTITLED TO AN INSTRUCTION ON THE LAW OF SELF-DEFENSE IF THERE IS SOME EVIDENCE THAT HE INTENDED TO USE FORCE AGAINST ANOTHER AND HE DID USE FORCE, BUT HE DID SO ONLY BECAUSE HE REASONABLY BELIEVED IT WAS NECESSARY TO THE OTHERS USE OF UNLAWFUL FORCE. TEX. PENAL CODE SECTION 9.31(a)("A PERSON IS JUSTIFIED IN USING FORCE AGAINST ANOTHER WHEN AND TO THE DEGREE HE REASONABLY BELIEVES THE FORCE IS IMMEDIATELY NECESSARY TO PROTECT HIMSELF AGAINST THE OTHER'S USE OF UNLAWFUL FORCE.) (RR, 111:126, 21, 22, 23) Q. OKAY. NOW, WHAT DID BOBBY DO IN RESPONSE TO THAT STATEMENT?

A. HE ESCORTED HIM TO THE FRONT DOOR.

(3)

IN FERREL V. STATE, THE COURT OF CRIMINAL APPEALS STATED THAT "A DEFENDANT IS ENTITLED TO AN INSTRUCTION ON SELF-DEFENSE IF THE ISSUE IS RAISED BY THE EVIDENCE."

FERREL V. STATE, 55 S.W. 3d 586 (TEX. CRIM. APP. 2001). (RR, 111:95, 1-10) Q. DID YOU CONFIRM WITH HIM THAT THEY DID HAVE WHAT THE DEFENDANT CALLED A VERBAL ALTERCATION?

A. YES.

Q. DID THE DEFENDANT TELL YOU THAT THE DEFENDANT -- I MEAN, DID THE DEFENDANT SAY MR. ROBINSON CAUSED THESE INJURIES TO HIMSELF AND THEN CALLED THE POLICE TO BLAME HIM?

A. YES.

Q. AT THAT POINT, WAS HE UNDER ARREST FOR THE AGGRAVATED ROBBERY?

A. NO, SIR.

ON PAGE 13 OF 16 BEN TAUB GENERAL HOSPITAL PT REC'D TO SR HALLWAY, CODE #1 TRANSFER FROM OSH, S/P AGG ASSAULT. PT STAS HE WAS ASSAULTED BY KNOWN ASSAILANT, HIT IN EYE WITH FIST & THEN HIT ON TOP OF HEAD WITH BASEBALL BAT. SENT TO BTEC FOR OMFS & OPTHO CONSULTS. PT AAOX3, NAD, VSS, RR EVEN NON-LABORED, NON-RADIATING FACIAL PLAN 4/10. MAE, + CMS, MD AT BEDSIDE FOR EVAL, AWAITING FURTHER ORDERS, WILL CONTINUE MONITORING.

(RR, 111:91, 15-18) Q. AND MR. ROBINSON CHARACTERIZED MR. EVANS AS HIS ROOMMATE?

A. YES, SIR.

ON PAGE 13 OF 16 BEN TAUB GENERAL HOSPITAL HPI COMMENTS: 75 YEAR OLD AFRICAN AMERICAN MALE WITH HISTORY OF HTN, DM, COLON CANCER, PRESENTS S/P ASSAULT. PATIENT'S NEIGHBOR ASSAULTED HIM WHEN HE WOULD NOT GIVE HIM MONEY. HIS NEIGHBOR HIT HIM WITH HIS FISTS, THEN HIT HIM WITH A BAT. PATIENT DENIES LOC. PATIENT WAS TAKEN TO A HOSPITAL IN

(4)

BEAUMONT WHERE THE CT WAS READ AS ORBITAL FLOOR FRACTURE DEPRESSED WITH ENTRAPMENT OF INFERIOR RECTUS E.O.M. PATIENT COMPLAINS OF MILD HEADACHE. PATIENT WAS TRANSFERRED TO BTGH FOR HIGHER LEVEL OF CARE.

THE ALLEGED INEFFECTIVENESS MUST BE FIRMLY ROOTED IN THE RECORD. Thompson V. STATE, 9 S.W.3d 808, 813 (TEX. CRIM. APP. 1999). (RR, 111:91, 4, 5) [Q.] DID You RETRIEVE A BASEBALL BAT?

[A.] No, SIR.

(RR, 111:93, 22-25) [Q.] IS THAT REGARDING THE AGGRAVATED ROBBERY THAT MR. ROBINSON HAD TOLD You THAT JUST HAD OCCURRED AT THE RESIDENCE OF 887 WASHINGTON BOULEVARD?

[A.] YES, SIR.

ESSENTIAL ELEMENTS OF OFFENSE OF AGGRAVATED ROBBERY ARE THAT DEFENDANT, WHILE IN COURSE OF COMMITTING THEFT, AND WITH INTENT TO OBTAIN OR MAINTAIN CONTROL OF PROPERTY, INTENTIONALLY OR KNOWINGLY THREATENED OR PLACED VICTIM IN FEAR OF IMMINENT BODILY INJURY OR DEATH, AND USED OR EXHIBITED A DEADLY WEAPON. ROBINSON V. STATE, (CR. APP. 1980) 596 S.W. 2d 130. (RR, 111:94, 1-5) [Q.] WHEN You MET WITH HIM AGAIN, THIS WAS IN A PUBLIC PLACE?

[A.] YES, SIR.

[Q.] WAS HE UNDER ARREST AT THIS POINT?

[A.] No, SIR.

Banks V. STATE, (APP. 4 DIST. 1984) 672 S.W. 2d 270; (RR, 111:94, 20-22) [Q.] DID HE—— DID You CONFIRM THROUGH HIM THAT HE, IN FACT, LIVES AT 887 WASHINGTON BOULEVARD?

[A.] YES, SIR.

BREWER V. STATE, (APP. 5 DIST. 1993) 852 S.W. 2d 643, (RR, 111:94, 12-15) [Q.] DID You ASK HIM QUESTIONS NORMALLY INCIDENT TO AN INVESTIGATIVE STOP REGARDING AN ALLEGATION OF ANY TYPE OF CRIME?

[A.] YES.

PROOF OF THE USE OR EXHIBITION OF A DEADLY WEAPON IS AN ESSENTIAL ELEMENT OF THE OFFENSE OF AGGRAVATED ROBBERY. BROWN V. STATE, (APP. 1 DIST. 2006) 212 S.W.3d 851, A PERSON COMMITS THE FELONY OFFENSE OF AGGRAVATED ROBBERY WHEN: (1) IN THE COURSE OF COMMITTING THEFT: (2) WITH INTENT TO OBTAIN AND MAINTAIN CONTROL OF PROPERTY; (3) HE KNOWINGLY OR INTENTIONALLY; (4) THREATENS OR PLACES ANOTHER IN FEAR OF IMMINENT BODILY INJURY OR DEATH; AND (5) THEN AND THERE USES OR EXHIBITS A DEADLY WEAPON. SANTOS V. STATE, (APP. 14 DIST. 2003) 116 S.W.3d 447, (RR, 111:92, 17, 18) [Q.] You DIDN'T SEE A BAT THOUGH, DID You?

[A.] No, SIR.

ON PAGE 1 OF 16 BEN TAUB GENERAL HOSPITAL SW RESPONDED TO ERIC REFERRAL FOR TRANSPORTATION. SW MET WITH PT WHO STATED THAT HE NEEDED ASSISTANCE WITH TRANSPORTATION BACK TO BEAUMONT, TEXAS 77705. PT STATED THAT HE HAD AN ALTERCATION WITH A NEIGHBOR AND WAS TAKEN TO A HOSPITAL IN BEAUMONT BUT WAS TRANSFERRED TO BEN TAUB LATER THAT NIGHT.

ON PAGE 9 OF 16 BEN TAUB MEDICAL RECORDS SHOW MARCH 29, 2012

4.63 – INEFFECTIVE ASSISTANCE OF COUNSEL'S § 4.71 VOID INDICTMENT ERRORS IN THE INDICTMENT SUCH AS NAMES, DATES, TIMES, PLACES, ETC., MUST BE OBJECTED TO PRIOR TO TRIAL. TEX. CODE. CRIM. PROC. ART. 1.14(b). (RR, MAY 20, 2013 DID NOT OBJECT TO THE ERRORS IN THE INDICT- MENT NOR THE TIMES NOR THE DATE IN THE BEHALF OF THE ACCUSED.

EX PARTE SNELSON, 601 S.W. 2d 358 (TEX. CRIM. APP. 1980). THERE ARE SEVERAL FORMAL ELEMENTS OF AN INDICTMENT WHICH MUST BE PRESENT; OTHERWISE, THE INDICTMENT IS VOIDABLE. THESE FORMAL ELEMENTS ARE CONTAINED IN ARTICLE 21.02 TEXAS CODE OF CRIMINAL PROCEDURE. THEY ARE AS FOLLOWS:

(G) MUST NOT ALLEGE AN IMPOSSIBLE DATE (DATE) OF OFFENSE CANNOT BE AFTER DATE OF INDICTMENT; (H) MUST ALLEGE A DATE NOT BARRED BY STATUTE OF LIMITATION; AND (I) THE REQUIREMENTS OF ARTICLE 21.02 ARE THAT THE OFFENSE MUST BE SET FOURTH IN PLAIN AND INTELLIGIBLE LANGUAGE AND IT MUST BE SIGNED BY THE GRAND JURY FOREMAN. THESE ERRORS GENERALLY MUST BE RAISED BY A MOTION TO QUASH.

2. UNDER UNITED STATES V. BAGLEY, 473 U.S. 667, FOUR ASPECTS OF MATERIALITY FOR BRADY PURPOSES BEAR EMPHASIS. (RR, 111:13, 25-1) MR. COOPER: I OBJECT TO THE RECORDS, ACTUALLY, THEMSELVES... FIRST, FAVORABLE EVIDENCE IS MATERIAL, (RR, 111:83, 4-6) Q. AND DID THEY TREAT HIM?

A. THEY TREATED HIM FOR WHAT THEY COULD, AND THEN THEY TRANSPORTED HIM TO BAPTIST HOSPITAL. AND CONSTITUTIONAL ERROR RESULTS FROM ITS SUPPRESSION BY THE GOVERNMENT COURT APPOINTED ASSISTANCE GAYLYN L. COOPER IN APPELLANT EVANS DEFENSE, (RR, 111:8, 20, 21, 22, 23, 24, 25-PG. 9, 1, 2) ON FILE WITH THE COURT ARE MEDICAL RECORDS FROM BEN-TAUB HOSPITAL, WHICH WAS WHERE THE VICTIM WAS SENT AFTER HE WAS TREATED AT BAPTIST HOSPITAL HERE IN BEAUMONT AT THE TIME OF THE INCIDENT AND THE DISCOVERY THAT WAS PROVIDED TO DEFENSE COUNSEL DID INDICATE THAT THE DEFENDANT WAS TAKEN BY E.M.S TO THE BAPTIST HOSPITAL HERE IN BEAUMONT FOR TREATMENT AND THEN TRANSPORTED TO BEN-TAUB. MARCH 30, 2012 ON PAGE 1 OF 16 BEN TAUB PATIENT HISTORY; AND PAGE 2 OF 16 PT EXPLAIN ALCOHOL USE AS OF 3/30/2012 COMMENTS (1) GLASS WINE EVERY 2 MONTHS AND SEXUALLY ACTIVITY (YES) PARTNER FEMALE ASWELL AS MARITAL STATUS (SEPARATED).

IF THERE IS A "REASONABLE PROBABILITY" THAT BAPTIST HOSPITAL RECORDS SHOWS THE DATE 03/29/2012, HAD THE EVIDENCE BEEN DISCLOSED TO THE DEFENSE TO USE ON APPEAL OR P.D.R., THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. THUS, A SHOWING OF MATERIALITY DOES NOT REQUIRE DEMONSTRATION BY A PREPONDERANCE THAT DISCLOSURE OF THE SUPPRESSED EVIDENCE WOULD HAVE RESULTED ULTIMATELY IN THE DEFENDANTS ACQUITTAL 473 U.S. 682, 685. UNITED STATES V. AHURS, 427 U.S. 97, 112-113, DISTINGUISHED. (RR, 111: 99, 13-19) Q. NOW, YOU WEREN'T THE FIRST ONE THERE ON THE SCENE, WERE YOU?

A. NO, SIR.

Q. SO, OFFICER -- IS IT VARNADO?

A. YES, SIR.

Q. HE WAS THE FIRST ONE THERE?

A. YES, SIR.

OFFICER DAVID VAUGHN FALSE TESTIMONY UNDER OATH IS ▉ PERJURY. (RR, 111: 90, 18, 19)

Q. WERE THERE OTHER OFFICERS ON THE SCENE?

A. NOT AT THAT TIME, NO, SIR. (RR, 111: 89, 24, 25 ÷ PAGE 90, 111:1-3)

Q. OFFICER VAUGHN, DID YOU GET THE NAME OF THE LADY WHO WAS OUTSIDE WITH MR. ROBINSON WHEN YOU FIRST SAW HIM?

A. WHEN I FIRST MADE CONTACT WITH HIM?

Q. YES.

A. I BELIEVE IT WAS A MS. WINSTON. (RR, 111: 86, 9-12) Q. DO YOU SEE THAT PERSON THAT YOU IDENTIFIED AS BOBBY EVANS ON MARCH 30TH, 2012, DO YOU SEE HIM HERE IN THE COURTROOM?

A. YES, SIR. HE'S AT THE DEFENSE TABLE. (RR. 111:81, 8-10) Q. DO YOU RECALL APPROXIMATELY WHAT TIME OF DAY OR EVENING IT WAS THAT YOU GOT THE CALL?

A. IT WAS RIGHT AROUND 6:30 P.M. ON PAGE 9 OF 16 BEN-TAUB MEDICAL RECORDS 75 YOM C H/O BLUNT TRAUMA TO RIGHT ORBIT 1830 03/29/2012. ARTICLE 1. SEC. 19, TEXAS CONSTITUTION, IN ACCORDANCE WITH PENA V. STATE 226 S.W. 3d 634, 650-51 (TEX. APP. WACO 2007).

## Conclusion And Prayer

Appellant stands on all arguments and points of appeal he has raised in this petition and appellant's rehearing en banc petition for discretionary review.

Appellant respectfully prays that on these grounds, that his case be reversed and remanded for a new trial; alternatively, appellant prays that his case be abated and remanded for further findings, as necessary. Appellant prays for general relief.

Respectfully Submitted,

/S/ Bobby D Evans

Bobby D. Evans
Appellate Court
3060 F.M. Road 3514
Mark Stiles
Beaumont, Texas 77705
T.D.C.J. #05669758

## Certificate Of Service

I do hereby certify that a true and correct copy of the above and foregoing appellant's rehearing (en banc) petition was delivered to Rodney Conerly, Jefferson County District Attorney's office, 1001 Pearl, Beaumont, Texas 77701, on Sept 25, 2015, by T.D.C.J indigent mailing in accordance with the applicable rules of procedure.

/S/ Bobby D Evans

(4)

## STATEMENT OF THE CASE

APPELLANT WAS INDICTED IN No. 12-14438 FOR AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03 FOR AN OFFENSE ALLEGEDLY COMMITTED ON MARCH 30, 12012. HIS JURY TRIAL IN THE JEFFERSON COUNTY CRIMINAL DISTRICT COURT OCCURRED BETWEEN MAY 20-22, 2013, HONORABLE JUDGE JOHN B. STEVENS PRESIDING, WITH APPELLANT BEING FOUND GUILTY. ON JUNE 17, 2013, JUDGE STEVENS SENTENCED APPELLANT TO (50) YEARS IN T.D.C.J WITH A FINDING OF USE OF A DEADLY WEAPON (NOT A FIREARM)(CR, I: 103). A WRITTEN NOTICE OF APPEAL WAS FILED ON JUNE 17, 2013 (CR, I: 114). A MOTION FOR NEW TRIAL WAS FILED ON JULY 9, 2013 (CR, I: 118), AND AN ORDER DENYING MOTION WITHOUT A HEARING WAS ENTERED ON JULY 12, 2013 (CR, I: 140). A REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW WAS FILED ON JUNE 25, 2013 (CR, I: 117). A MOTION TO ABATE THE APPEAL AND REMAND FOR SUCH FINDINGS WAS FILED IN AUGUST, 2013. OPINION ISSUED MARCH 31, 2015, PETITION FOR DISCRETIONARY REVIEW FILED MAY 1, 2015, ORDER ON PETITION FILED: JUNE 10, 2015, REDRAWN PETITION FILED JUNE 26, 2015, PETITION FOR DISCRETIONARY REVIEW REFUSED. SEPT 16, 2015, MOTION FOR REHEARING EN BANC PETITION FILED: SEPT. 25, 2015. NO RESTITUTION WAS ORDERED.

(5)

## IDENTITY OF PARTIES & COUNSEL

Pursuant to Tex. R. App. Proc. 38.1(a), a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participation in the decission of the case.

Bobby Dewayne Evans, Appellant Court

DEFENSE COURT APPOINTED ATTORNEY ON THE TRIAL:
Gaylyn L. Cooper, SBN# 04774700
1104 Orleans Street
Beaumont, Texas 77701

DEFENSE COURT APPOINTED ATTORNEY ON THE APPEAL:
Jack Lawrence, SBN# 12043800

PROSECUTORS ON THE TRIAL:
Bobby Ortego, SBN# 00795571
Jefferson County Court House
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701

PROSECUTER ON THE APPEAL:
Rodney D. Conerly
Jefferson County Courthouse
1001 Pearl Street 3rd Floor

Cory J. H. Crenshaw, Criminal District Attorney:
Jefferson County Court House
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701

JUDGE PRESIDING:
The Honorable John B. Stevens Jr.

IV

BOBBY DEWAYNE EVANS #1868660
MARK STILES UNIT
3060 F.M. 3514
BEAUMONT, TEXAS 77705

CAPITAL STATION
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308
AUSTIN, TEXAS 7811

78711230608